## City of Jackson v. First Nat. Bank of Jackson.

May 11, 1943.

Samuel M. Wilson and C. S. Landrum for appellant.

A. H. Patton and Smith & Leary for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

This is the second appeal of this case. The opinion on the first appeal is found in 289 Ky. 1, 157 S. W. (2d) 321, 326. On the return of the case to the circuit court after the first appeal the judgment which was entered included the warrants surrendered by the bank and other warrants paid by it in connection with the $15,000 funding bond transaction explained in detail in the former opinion. The city was given credit for the items of $197.42 and $5,061.67, the latter sum including $2,061.67 interest paid on the funding bonds. Judgment was rendered for the balance of $11,438.33 with interest from August 14, 1939, the date of filing of the amended petition recognizing the invalidity of the bonds and seeking judgment for the amount of the warrants surrendered and money advanced by the bank.

The contention on this appeal is that the chancellor did not follow the opinion on the former appeal and was in error in adjudging interest on the $11,438.33 from the date of filing the amended petition.

In the former opinion, in dealing with this transaction we said:

"Interest on the surrendered warrants should be disregarded in accordance with conclusions hereinafter stated."

But the conclusions later stated were that the warrants did not bear interest from their date in the absence of a showing of a demand for payment. We said in the course of the opinion:

"The judgment to be entered should therefore allow interest from the filing of the action; not from the date of the warrants."

That is exactly what was done by the judgment and was the only course open to the chancellor since the former opinion was the law of the case, right or wrong.

It is insisted by the city, however, that even if interest was properly adjudged then it should be adjudged interest upon the different amounts it paid to the bank on the warrants involved in the funding bond transaction, these payments aggregating $5,259.09. Clearly, this position is untenable. The amounts thus paid merely satisfied pro tanto an indebtedness of the city to the bank and, although $2,061.67 of this amount was paid to

the bank as interest on the funding bonds, the former opinion which the judgment followed treated this interest as a credit on principal and allowed no interest on the warrants. The trial court correctly adjudged interest in compliance with the former opinion.

On the former appeal we held that warrants aggregating $891.75 were void because they were issued without authority of the city council and the judgment was reversed in this particular. In the judgment entered after the case was returned the lower court set aside the former judgment allowing recovery on these warrants and adjudged that the warrants "are each and all not valid claims against the City of Jackson, Kentucky, and are not valid obligations of said city." It is now insisted by the city that the judgment should have gone further and ordered that the warrants be cancelled and so marked.

It would have been better practice thus to extend the judgment but, since the warrants were filed as exhibits and are in control of the court, the effect of the judgment is equivalent to a cancellation. There was no such prejudice to appellant's substantial rights in this particular as to require a reversal of the judgment.

Affirmed.